## HAZELTINE CORPORATION v. YELLOW TAXI CORPORATION.

### No. 7199.

District Court, E. D. New York.

April 30, 1934.

Pennie, Davis, Marvin & Edmonds, of New York City (W. H. Taylor, Jr., of New York City, of counsel), for plaintiff.

Nordlinger, Riegelman & Cooper, of New York City (Clyde A. Norton, of New York City, of counsel), for defendant.

BYERS, District Judge.

Motion to quash service of subpœna in a suit in equity for the alleged infringement of plaintiff's patent.

Service of the subpœna was made in this district upon the superintendent in charge of one of the two garages operated in Brooklyn by the defendant company in connection with its business.

The statute involved is section 48 of the Judicial Code (title 28 U. S. C. § 109 [28 USCA § 109]) which is as follows:

"*Patent Cases.* In suits brought for the infringement of letters patent the district courts of the United States shall have juris-diction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought. (Mar. 3, 1897, c. 395, 29 Stat. 695; Mar. 3, 1911, c. 231, § 48, 36 Stat. 1100.)"

The defendant is a New York corporation, and the affidavit of the president filed on behalf of the motion shows that the principal office and place of business is in the borough of Manhattan in the Southern District.

In considering whether the defendant has a regular and established place of business in this district, it is necessary to understand the nature of its business. It is a taxicab company, and its business is that of the transportation of passengers for hire in peripatetic cabs that are operated in the streets of the city of New York; its patrons are secured at regular stands or while the cabs are "cruising" through the streets.

The entire fleet, so-called, of the defendant company consists of 875 taxicabs, and they are housed, when not in operation, in garages, two of which, with a capacity of 125 cabs each, are located in the Eastern District.

The Brooklyn garages are leased by the corporation, and it may therefore be assumed that they are permanent, so far as occupation and operation are concerned.

The staff at each garage consists of a garage superintendent and an assistant, a cashier, dispatcher, two mechanics, and two car washers, and, as necessity requires, emergency labor is employed.

From the foregoing, it is obvious that one-seventh of the defendant's entire equipment is housed, repaired and kept in condition at each of the Brooklyn garages. The services performed at those garages are necessary for the maintenance of the cabs in suitable condition for the defendant's activities.

Nothing is said in the affidavits about the supplies of gasoline and motor oil, but it is a necessary inference from the affidavits that, when each cab starts out on its daily

814

rounds, fuel and lubrication are supplied at the garage as needed.

The foregoing makes it plain that the business of furnishing taxicab transportation could not be maintained except through the operation of such garages from which the activities of the cabs are directed and controlled.

The cases cited by defendant have been examined, but will not be referred to at length, because none involves facts comparable to those here presented. It will be sufficient to observe that the defendant's dealings with the public in this district involve nothing which requires confirmation or consideration at the business office in the Southern District. A local passenger pays for his transportation here, and his fare finds its way to the financial office in Manhattan, through a Brooklyn establishment.

His order for a cab may be received, and filled according to instructions issued by the superintendent at the Crown Street Garage.

A passenger has no necessary relations with the financial office in Manhattan. There is no distinction shown between status, within the company, of the Brooklyn and the Manhattan garages. They are all operating units of the defendant company, namely, established stations from which the cabs radiate.

They cannot be likened to sales rooms, or local branches of corporations resident or non-resident, which function only in a limited way, and in a subordinate capacity to a central operating office. The president of the defendant deposes that he makes periodic trips to the various garages for purposes of inspection, and to oversee and regulate operation. That is more consistent with local autonomy, so far as operating the business of the company is concerned, than if the various superintendents were required to report to a central operating office for instructions, and for permission to hire and discharge drivers.

It is concluded from these considerations that the Crown Street Garage in Brooklyn is a regular and established place of business of the defendant in this district, and that John Dougherty, the superintendent in charge of the Crown Street Garage, is an agent of the defendant, engaged in conducting its transportation business in this district.

It is next urged that the defendant has not committed an act of alleged infringement within the jurisdiction of this court.

The bill of complaint reveals that the action is for the alleged infringement of patent No. 1,879,863, and that the defendant is alleged to have used, installed and caused to be manufactured, without right or license, within the Eastern District of New York, radio receiving apparatus embodying the inventions and improvements of said Letters Patent, and has installed and used in its taxicabs radio apparatus known and described under the trade name "Motorola," manufactured by Galvin Manufacturing Co., of Chicago, Illinois.

The remaining allegations of the bill sufficiently show that the plaintiff asserts that it is the owner of the patent in question, and that the device used by the defendant within this district as stated, infringes the plaintiff's patent.

A supplemental affidavit filed by the defendant asserts that, of its 125 cabs using the Crown Street Garage in this district, only 11 are equipped with radios, which were installed in the borough of Manhattan, and that all the service requirements of the said radios are met in the borough of Manhattan, and that its rules prohibit the use of radios in its cabs except when passengers are in occupancy; that the radios are not permitted to be used when the cabs are stored in the garage.

It is thought that this is not a denial of use by the defendant within this district of the device which the plaintiff asserts infringes its patent.

Perhaps there is opportunity for discussion as to whether the use of the alleged infringing device is by the defendant, or by its passengers who, for reasons doubtless satisfactory to themselves, choose to become radio listeners while being transported in the defendant's cabs. In one sense, the radio receiving set is part of the cab's equipment, as much as, for instance, a device for opening a window. It is something supplied apparently in order to render that form of transportation attractive; hence the use of that equipment by the defendant.

It may also be used by the passenger. But that would not be possible, except for the act of the defendant in first using it as an appurtenance of the vehicle.

These matters are not put in issue by the defendant's affidavits, and perhaps do not justify more than passing reference.

The cases cited by defendant do not seem to go to the extent of declaring that, where the act of infringement is not denied and a

regular place of transacting business is shown, within the district in which suit is brought, service of a subpœna must be quashed.

Motion denied.

Settle order.